UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| MILTON A. ASHBY | ) | Case No. 12-41111 |
| Debtor | ) | Chapter 13 |
| _____ | ) | |
| | ) | |

## MEMORANDUM

This case came before the Court for confirmation of the Debtor's Chapter 13 plan of reorganization and on the Motion for Relief from Stay filed by the Debtor's ex-spouse, Deanna K. Ashby, (hereinafter Deanna). In addition to seeking stay relief, Deanna also objected to confirmation of the Debtor's Plan of Reorganization. Both the Debtor and Deanna appeared, testified, and were represented by counsel at the hearing held on January 15, 2013. Upon consideration of the issues, the Court denies confirmation of the Debtor's Plan of Reorganization and will grant relief from the automatic stay. Pursuant to Fed. R. Bankr. P. 7052(c), the Court enters the following findings of fact and conclusions of law.

**I.     STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (L). Venue is proper under 28 U.S.C. §1409(a).

**II.     FACTUAL BACKGROUND**

Pursuant to the Property Settlement Agreement ("PSA") entered in Henderson Circuit Court on September 24, 2009, Deanna was to be hired as a consultant by the Debtor's company for a period of ten (10) years from the date of the execution of the agreement. The consulting agreement was to provide for an annual consulting fee of $33,800.00 payable monthly. Paragraph 8 of the PSA provided as follows: "Neither party shall be responsible to the other for payment of maintenance."

According to an Agreed Order Amending Property Settlement Agreement entered January 11, 2010, this payment obligation was changed. Rather than hiring Deanna for a period of ten years, the new agreement provided for Deanna to be hired from the date of the agreement until she qualified for full social security benefits.

According to the Findings of Fact, Conclusions of Law and Order entered by the Henderson Circuit Court on October 27, 2011, while the PSA called for payments on a monthly basis, the parties actual practice had been weekly payments of $650.00, before tax withholding. That Court further held that the Debtor had failed to abide by this portion of the PSA and held the Debtor in contempt for his failure to comply with that court's previous orders.

Deanna testified that she and the Debtor had been married for thirty-seven (37) years, but had filed for divorce in 2009. It was after the parties filed for divorce, that the parties negotiated the PSA mentioned above. Deanna testified that although the PSA specifically states the parties would not owe maintenance to one another, it was the intent of the parties that the consulting fee be used as maintenance. Specifically, the consulting fee would be paid in order for her to maintain a standard of living commensurate with that of the Debtor. She stated that since the Debtor was keeping the business that they created, Ashby Electric, she would receive a consulting fee to provide for her living needs. When asked why Paragraph 8 expressly states no maintenance would be paid. Deanna testified that they agreed to this arrangement for income tax purposes. She further testified that despite the language in Paragraph 8, she always considered this obligation a maintenance obligation on the part of the Debtor.

Conversely, the Debtor testified that he never agreed to pay any maintenance, as evidenced by Paragraph 8. He contended that there was no need for any maintenance to be paid to Deanna.

Both parties asked the Court to review a compact disc showing a September 28, 2011evidentiary hearing in Henderson Circuit Court. At the conclusion of the hearing, the Court reviewed that disc in full. Deanna's testimony in the Henderson Circuit Court proceeding in September 2011, was entirely consistent with the testimony she provided at the hearing held in this Court on January 15, 2013.

On September 13, 2012, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code. With his petition, the Debtor also filed a proposed Chapter 13 Plan, wherein he proposed to pay $955.00 per month for a period of 60 months. The Debtor made no provision in his proposed plan for the payment to Deanna of the consulting fee required by the PSA.

As stated above, Deanna objected to confirmation. She contended that the requirement to pay the consulting fee is a domestic support obligation ("DSO"), and thus, the Debtor's plan had to include a provision for the repayment of this obligation in full. Shortly after she filed her objection to confirmation, Deanna then filed a motion for stay relief wherein she sought relief from the automatic stay to return to Henderson Circuit Court to enforce that court's orders.

In an Amended Objection to Confirmation, in addition to raising the DSO argument, Deanna raised several other issues with regard to the Debtor's Chapter 13 case. Despite these allegations, at the evidentiary hearing, Deanna neither presented evidence to these other allegations, nor made any reference to the issues raised in the amended objection. As such, the Court will deem these issues waived.

In his response to the Amended Objection to Confirmation, the Debtor contended that the debt referenced by Deanna is a simple property settlement obligation that may be discharged pursuant to 11 U.S.C. § 1328(a) and § 523(a)(15). The Debtor also contended that the consulting

fee obligation is not a priority domestic support obligation as set forth in 11 U.S.C. § 101 (14A), and is not entitled to priority treatment under § 507 (a)(1).

### III.  LEGAL DISCUSSION

Section 1325(a) reads, in pertinent part, that "(a) Except as provided in subsection (b), the court shall confirm a plan if - (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title ..." Section 1322(a)(2) requires a plan to provide for the full payment of all priority unsecured claims, unless the holder of a particular claim agrees to a different treatment. The section reads that:

> (a) The plan shall—
> ....
> (2) provide for full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title unless the holder of a particular claim agrees to a different treatment of such claim ...."

Sub-sections 507(a)(1)(A) and (B) allow a priority claim for domestic support obligations. Pursuant to 11 U.S.C.A. § 101(14A), the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title ... that is (A) owed or recoverable by—
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit;
>
> (B) in the *nature of* alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, *without regard to whether such debt is expressly so designated*;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
> (i) a separation agreement, divorce decree, or property settlement

4

>> agreement;
>>
>> (ii) an order of a court of record;
>> ....

11 U.S.C. § (101(14A) (emphasis added).

Both parties agree that if the Court construes the obligation as a DSO, this plan cannot be confirmed. Having heard the evidence presented by the parties, the Court is left with the firm conviction that the obligation to pay Deanna is a DSO, notwithstanding the language in Paragraph 8 of the PSA. The Court finds that it was always the parties intention to treat these payments as a support obligation for Deanna, to help her maintain her standard of living after the divorce of the parties. This conclusion is supported by the testimony given in the Henderson Circuit Court proceeding, wherein Deanna testified on several occasions that this debt was intended as maintenance and was designated as non-maintenance solely for tax purposes. While the Debtor may now argue that was not his intent, the Court finds his testimony in this respect not credible.

From a statutory standpoint, this is a debt that accrued before the date of the petition and was owed to a former spouse. Despite the nomenclature used by the parties the debt is in the nature of alimony, maintenance, or support of the former spouse. This conclusion is supported by the fact that the parties were married for 37 years and the Amended Property Settlement Agreement extended the maintenance until Deanna reached the age to qualify for full social security benefits. Finally, the debt was established by a property settlement agreement entered in an order of a court of record. From a statutory standpoint, the obligation is clearly a DSO.

Here, the proposed Plan clearly fails the requirements of § 1322(a)(2). See In re Taylor, 2007 WL 1234932 (Bankr. E.D. Va. 2007) (finding that § 1322(a)(2) requires a Chapter 13 Plan to provide for the full payment of a domestic support obligation). Because this plan fails to satisfy

§ 1322, pursuant to § 1325(a)(1) the Court cannot confirm the plan of reorganization. Furthermore, in light of the DSO nature of the obligation, the Court will grant Deanna's motion for relief from stay to allow these parties to continue their domestic relations actions in state court. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

*Alan C. Stout*
Alan C. Stout
United States Bankruptcy Judge

Dated: January 23, 2013

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| MILTON A. ASHBY ) | Case No. 12-41111 |
| Debtor ) | Chapter 13 |

### ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

It is hereby **ORDERED** that the objection to confirmation filed by Deanna Ashby is sustained and confirmation of the Debtor's Plan of Reorganization is **DENIED**.

It is further **ORDERED** that the automatic stay is terminated for the purpose of enforcing the domestic support obligation in the Henderson Family Court pursuant to 11 U.S.C. § 362(b)(2)(B) and (C).

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: January 23, 2013