UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                                                    )
MILTON A. ASHBY                                          )           Case No. 12-41111
                              Debtor                  )           Chapter 13
_____)

**MEMORANDUM**

      This case came before the Court for hearing on confirmation of the Debtor's First Amended Plan of Reorganization (the "Amended Plan") and on the Motion to Dismiss case filed the Debtor's ex-spouse, Deanna K. Ashby, (hereinafter Deanna). In addition to seeking dismissal, Deanna also objected to confirmation of the Amended Plan. Both the Debtor and Deanna appeared, and were represented by counsel at the hearing held on June 11, 2013. The only evidence presented by the parties was the testimony of the Debtor. Upon consideration of the issues and the evidence presented, the Court will deny confirmation of the Amended Plan and will grant the Motion to Dismiss. Pursuant to Fed. R. Bankr. P. 7052(c), the Court enters the following findings of fact and conclusions of law.

**I.      STATEMENT OF JURISDICTION**

      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L). Venue is proper under 28 U.S.C. §1409(a).

**II.     FACTUAL BACKGROUND**

      On September 13, 2012, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code. With his petition, the Debtor also filed a proposed Chapter 13 Plan, wherein he proposed to pay $955.00 per month for a period of 60 months. The Debtor made no provision in his proposed plan for the payment to Deanna of a consulting fee required by the Property Settlement Agreement

("PSA").

Deanna objected to confirmation. She contended that the requirement to pay the consulting fee is a domestic support obligation ("DSO"), and thus, the Debtor's plan had to include a provision for the repayment of this obligation in full.

After an evidentiary hearing, on January 23, 2013, the Court entered a Memorandum Opinion finding the obligation to pay Deanna a DSO. Because the Debtor's plan failed to pay the DSO as a priority claim, the Court denied confirmation of the Debtor's plan. The Court also granted Deanna relief from the automatic stay to allow her to proceed with her state court domestic relations action against the Debtor.

The Debtor filed a Notice of Appeal, and that appeal is still pending. While the Debtor was able to obtain a stay pending appeal, he defaulted on his obligations imposed under the order authorizing a stay pending appeal, and the Court subsequently entered an order terminating the stay pending appeal.

On April 9, 2013, the Debtor filed the Amended Plan. That plan called for monthly payments of $955.00 for sixty (60) months. According to the Amended Plan, the priority claim of Deanna, entitled to priority under 11 U.S.C. §. 507 (a)(1) (A), would be paid in deferred cash payments of $ 250.00 per month.

As stated above, Deanna objected to confirmation of the Amended Plan. In her objection, she contended that as of May 1, 2013, Ashby Electric, Inc. ("Ashby Electric"), the Debtor's employer, shut down its operations in Sebree, Kentucky. She also alleged that employees of that business were no longer reporting to work. She alleged that the Debtor had not returned to the business since the re-issuance of a bench warrant by the Henderson Family Court on or about April

29, 2013. Deanna further objected to confirmation of the Amended Plan because it failed to provide for payment of the DSO. She noted that this Court previously ruled that the Debtor's plan must provide for the payment of the DSO and that the Amended Plan fails to provide for the payment of the DSO.

Shortly after she filed her objection to confirmation, Deanna filed the Motion to Dismiss. In the motion, Deanna alleged that the Court should dismiss the Debtor's case because the Amended Plan is not confirmable. She again questioned whether Ashby Electric continued to operate, whether Ashby Electric continued to employ workers, and whether Ashby Electric even had electrical service. She also alleged that the Debtor had not been to Ashby Electric since the end of April due to the bench warrant. Finally, she stated that the Court should dismiss the case because the Debtor has failed to pay her any of her weekly support since the filing of the bankruptcy petition on September 13, 2012. Citing § 1307(c)(11), Deanna argued that this Court should dismiss this case due to the Debtor's failure to make post petition payments on the DSO.

As stated above, the Court conducted a hearing on confirmation and on the Motion to Dismiss on June 11, 2013. The Debtor was the only witness at the hearing. Debtor testified he was still employed by Ashby Electric, and that Ashby Electric was open and operating. He stated his monthly gross income was still $4,140.00, as stated on his Schedule I Statement of Income. He did not foresee any changes to his income, or any reason why he could not make the Chapter 13 plan payments. He stated that Deanna was his only priority creditor and that he was paying her $250.00 a month.

On cross examination, the Debtor stated he was still going to Ashby Electric everyday, notwithstanding the bench warrant for his arrest issued by Henderson Family Court. The Debtor

could not recall how much income his company earned in the months of April or May or how much he expected to receive in the month of June. The Debtor further testified that Ashby Electric was not current on the payment of payroll taxes for its employees. When asked about payments on the DSO, the Debtor testified that he had not made any payments since the Court issued its ruling back in January, 2013. Finally, when asked by the Court about the treatment of the DSO owed to Deanna, Counsel for the Debtor admitted that the Amended Plan would not pay the DSO in full. Any remaining portion of the DSO would remain unpaid.

### III. DISCUSSION

Deanna has moved for dismissal of this case alleging several grounds. The Court will first address her allegation that the case should be dismissed due to the Debtor's failure to pay his post-petition domestic support obligations. Under Bankruptcy Code § 1307(c)(11),

> on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—... (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1307(c)(11). The language "first becomes payable after the date of the filing of the petition" is "limited to payments that first become due after the case is filed, and does not look to payment of prepetition arrearages." Collier on Bankruptcy ¶ 1307.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev.2012). The term "domestic support obligation" is defined in Bankruptcy Code § 101 as follows:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

4

    (A) owed to or recoverable by—

    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

    (ii) a governmental unit;

    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

    (i) a separation agreement, divorce decree, or property settlement agreement;

    (ii) an order of a court of record; or

    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This Court has previously held that the Debtor's obligation to Deanna falls squarely within the Bankruptcy Code's definition of a "domestic support obligation." Deanna has established by unrebutted evidence that the Debtor has not paid on the DSO since January 2013. The Debtor's failure to pay a domestic support obligation to his former spouse that was due post-petition is by itself cause for dismissal of this case under Bankruptcy Code § 1307(c)(11).

    The Court could stop here, but the Court also finds grounds to dismiss because the Amended Plan is patently unconfirmable. In this Court's Memorandum Opinion entered January 23, 2013,

this Court held that § 1325(a) requires that a plan complies with the other applicable provisions of Chapter 13.  Section 1322(a)(2) requires a plan to provide for the full payment of all priority unsecured claims, unless the holder of a particular claim agrees to a different treatment.  In the original plan, because the Debtor was not providing for the full payment of Deanna's priority unsecured claim, the Court could not confirm his plan.

In the Amended Plan, the Debtor has again proposed a plan that he admits does not pay Deanna's priority unsecured claim in full.  As such, the Amended Plan clearly fails the requirements of § 1322(a)(2).  See In re Taylor, 2007 WL 1234932 (Bankr. E.D. Va. 2007) (finding that § 1322(a)(2) requires a Chapter 13 Plan to provide for the full payment of a domestic support obligation). Consequently, as with the original plan, the Court must deny confirmation of the Amended Plan as well.

In addition to failing to satisfy §1322(a)(2), the Amended Plan is also not confirmable as it fails to satisfy § 1325(a)(8).  Section 1325(a)(8) provides,

> [T]he court shall confirm a plan if—
> ...
> (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation;....

11 U.S.C. § 1325(a)(8).

As stated above, the Debtor testified that he had not paid all amounts that were required to be paid under the DSO that became payable after the filing of the bankruptcy petition.  The failure

to satisfy § 1325(a)(8) compels the Court to deny confirmation of the Amended Plan.[1]

Because the Debtor has failed to make post petition DSO payments, and because the Amended Plan is patently unconfirmable, and it appears the Debtor is unable to propose a confirmable plan of reorganization, the Court finds cause to dismiss this case pursuant to § 1307. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

*[signature]*

Alan C. Stout
United States Bankruptcy Judge

Dated: June 25, 2013

---

[1] While Deanna also challenged the feasibility of the Amended Plan due to Ashby Electric's precarious financial circumstances, the Court, based upon the evidence presented at the hearing, cannot make a finding that the Amended Plan is not feasible.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                              )
MILTON A. ASHBY                          )          Case No. 12-41111
                Debtor          )          Chapter 13
_____)

### ORDER

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the objection to confirmation filed by Deanna Ashby is **SUSTAINED** and confirmation of the Debtor's First Amended Plan of Reorganization is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **GRANTED** and the above-styled case is **DISMISSED.**

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: June 25, 2013